**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JEFFREY CREGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-CV-340-DES |
| | ) | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant, Unum Life Insurance Company of America's ("Defendant") Motion regarding Applicability of ERISA. (Docket No. 28). On or around August 23, 2024, Plaintiff, Jeffrey Cregan, ("Plaintiff") filed his Petition in the Pittsburg County District Court alleging breach of contract and bad faith against Defendant for their failure to make payments pursuant to a Voluntary Accident insurance policy ("the Voluntary Accident Plan") following an injury Plaintiff sustained at work. (Docket No. 2-1 at 2). Defendant argues the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* as amended ("ERISA") applies to the Voluntary Accident Plan at issue and completely preempts Plaintiff's state law claims. (Docket No. 28 at 1). Plaintiff argues that while the Voluntary Accident Plan was provided by Plaintiff's employer, Morton Buildings, the benefits provided by the Plan are excluded from ERISA under the "safe harbor" provision. 29 C.F.R. § 2510.3-1(j). (Docket No. 31 at 3). Alternatively, Plaintiff argues the Voluntary Accident Plan would be excluded from ERISA under the Conventional Test. *Id.* The Court analyzes both arguments under Tenth Circuit Law.

## I. Safe Harbor Provision

Title I of ERISA governs "employee benefit plans" and subjects those plans to comprehensive federal regulation. 29 U.S.C. § 1003(a). The Tenth Circuit has established five elements that are required for a plan to constitute an employee welfare benefit plan: (1) a plan, fund, or program; (2) established or maintained; (3) by an employer; (4) for the purpose of providing health care, disability and/or death benefits; (5) to participants or beneficiaries. *Simpa v. Massachusetts Cas. Ins. Co.,* 256 F.3d 1006, 1009 (10th Cir. 2001); *Gaylor v. John Hancock Mut. Life. Inc. Co.,* 112 F.3d 460, 464 (10th Cir. 1997).

However, as Plaintiff argues, certain employee welfare benefit plans are excluded from ERISA's regulatory scheme under what is referred to as the "safe harbor" provision. *Gaylor,* 112 F.3d at 463 (citing 29 C.F.R. § 2510.3–1(j)). "[U]nder the 'safe harbor' provision…the term 'employee welfare benefit plan' shall not include programs in which (1) no contribution is made by the employer; (2) participation in the program is completely voluntary for the employees; (3) the sole functions of the employer are to permit the insurer to publicize the program to employees and to collect premiums through payroll deductions; and (4) the employer receives no consideration in connection with the program." *Id*. "Plans which meet **each of these four factors** are excluded from ERISA coverage." *Id*. (emphasis added).

Plaintiff argues Morton Buildings made no contribution to the Voluntary Accident Plan. (Docket No. 31 at 4). And in fact, the Voluntary Accident Plan policy states the employee "must make contributions for [ ] coverage." (Docket No. 28-3 at 4). However, the Voluntary Accident Plan also states: "The Policyholder[1] is liable for premium for coverage during the grace period

[1] Under the Glossary, Policyholder means "the employer to whom the policy is issued." (Docket No. 28-1 at 37).

[and] [t]he Policyholder must pay us all premiums due for the full period this policy is in force." *Id.* at 16. Therefore, Plaintiff's argument that the first factor is met is not as clear as stated.

Plaintiff also argues the Voluntary Accident Plan was voluntary for employees in active employment for Morton Buildings. (Docket No. 31 at 4). However, the evidence provided indicates Plaintiff's coverage under the group voluntary accident policy was one of many coverages provided to employees under Morton's benefit plan, some of which were voluntary and others that were not. (Docket No. 34 at 2). Defendant argues this makes participation in the plan not "completely voluntary." *Id.* This court has previously held that optional benefits "cannot be severed from the comprehensive plan, if ERISA applies to one portion of the plan, ERISA applies to the entire plan." *Hilbert v. Sun Life Assur. Co. of Canada*, CIV-10-214-FHS, 2011 WL 3111873, at *1 (E.D. Okla. July 26, 2011). Furthermore, in *Gaylor*, Plaintiff attempted to sever her optional disability coverage from the rest of the benefits she received for the purpose of satisfying the safe harbor provision. *Gaylor*, 112 F.3d at 463. The Tenth Circuit held, "'[t]his cannot be done because the [optional] coverage was a feature of the Plan, notwithstanding the fact that the cost of such coverage had to be contributed by the employee.'" *Id.* (quoting *Smith v. Jefferson Pilot Life Ins. Co.*, 14 F.3d 562, 567 (11th Cir.), *cert. denied*, 513 U.S. 808 (1994) and citing *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1345 (11th Cir. 1994)." Accordingly, since ERISA applies to the employer selected benefits, it must also apply to the group accident portion of the plan, making the coverage not completely voluntary.

The third factor is whether Morton Buildings, as the employer, allowed the insurer to publicize the program to employees, leaving Morton Buildings to merely collect the premiums through payroll deductions. Here, the evidence shows that "Morton Buildings' involvement with the Voluntary Accident Plan are that it is the named policyholder and plan administrator, it

publicized the Voluntary Accident Plan to its employees, and it deducted Mr. Cregan's premiums from his earnings." (Docket No. 31 at 4-5). Plaintiff identifies this evidence as "undisputed." *Id.* at 4. Yet, Plaintiff argues, based on case law from jurisdictions outside of the Tenth Circuit, that the Court must review an employer's endorsement from the employee's perspective. *Id.* at 5. However, this is not the standard in the Tenth Circuit. In reviewing case law from jurisdictions within the Tenth Circuit, an employer who chooses the insurer, determines who is eligible to participate in the coverage and whether payments are pre-tax or post-tax deductions, clearly does more than simply collect premiums. *See, e.g., Huff v. BP Corp. N. Am., Inc.*, 22-CV-00044-GKF-JFJ, 2023 WL 2317291 (N.D. Okla. Mar. 1, 2023), and *Gooch v. Am. Fid. Assurance Co.*, CIV-09-721-R, 2010 WL 11613516, at *3 (W.D. Okla. Mar. 19, 2010). Here, Defendant establishes that Morton Buildings "determined that all employees were eligible. It determined how premiums would be paid and was responsible for premiums during any grace periods. It determined when an employee's eligibility began and when it was terminated. It made the voluntary accident benefits part of a broader package, including the mandatory wellness benefit, as well as many others." (Docket No. 34 at 5). Thus, the third factor is not met. Because Plaintiff cannot meet each of the four factors, the safe harbor provision is not applicable.[2]

[2] Plaintiff further argues that the fourth factor supports exclusion from ERISA coverage as there is "no evidence in the Voluntary Accident Plan that Morton Buildings received any consideration in connection with the plan." (Docket No. 31 at 7). Defendant, as the party asserting pre-emption, has the burden of establishing that the policy invokes ERISA's exclusive remedy provision. *Gooch,* 2010 WL 11613516, at *1. While Defendant does not make any argument regarding the fourth factor, because the first three factors are not met Plaintiff is precluded from applying the safe harbor provision to the Voluntary Accident Plan.

**II. The Conventional Test**

Finding the safe harbor provision inapplicable, Court now turns to whether the Voluntary Accident Plan is nevertheless excluded from ERISA under the Conventional Test. As noted above, for a plan to constitute an employee welfare benefit plan, five elements must be met: (1) a plan, fund, or program; (2) established or maintained; (3) by an employer ; (4) for the purpose of providing health care, disability and/or death benefits; (5) to participants or beneficiaries. *Simpa,* 256 F.3d at 1009; *Gaylor,* 112 F.3d at 464. Plaintiff concedes the first, third, fourth, and fifth factors. (Docket No. 31 at 8). The only factor Plaintiff disputes is that the Voluntary Accident Plan was "established or maintained" by Morton Buildings. *Id.* In support, Plaintiff argues that the evidence "shows a minimal degree of participation by Morton Buildings in the establishment and maintenance of the Voluntary Accident Plan." *Id.* Furthermore, Plaintiff argues that despite the list of obligations for Morton Buildings listed in the Voluntary Accident Plan, "there is no factual development as to the degree Morton Buildings acted on those obligations." *Id.*

"[T]he 'established or maintained' requirement is designed to ensure that the plan is part of an employment relationship." *Gaylor*, 112 F.3d at 464. The Tenth Circuit determines whether the plan is part of an employment relationship "by looking at the degree of participation by the employer in the establishment or maintenance of the plan." *Peckham v. Gem State Mut. of Utah*, 964 F.2d 1043, 1049 (10th Cir. 1992). Here, the evidence shows Morton Buildings selected and secured the Policy and made the Voluntary Accidental Plan available to its employees as part of its employee benefits. "Morton was clearly involved in the administration of the Plan, determining premiums, paying premiums during grace periods, acting as the agent of the employee, providing Unum Life support on FMLA issues and many others." (Docket No. 34 at 7). The actions taken by Morton Buildings are the same actions the Tenth Circuit has determined meets the "established or

maintained" requirement. *See Gaylor*, 112 F.3d at 465; *Peckham*, 964 F. 2d at 1049. The Court finds that Morton Buildings is deemed to have "established or maintained" the Plan within the meaning of ERISA.

### III. Conclusion

ERISA pre-empts all state laws "insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title." 29 U.S.C. § 1144. Accordingly, ERISA "pre-empt[s] nearly all state claims related to causes of action against covered health insurers, even when 'the elements of the state cause of action [do] not precisely duplicate the elements of an ERISA claim." *Lind v. Aetna Health, Inc.,* 466 F. 3d 1195, 1198 (10th Cir. 2006) (quoting *Aetna Health, Inc. v. Davila,* 542 U.S. 200, 216 (2004)). The fact that ERISA provides fewer remedies than state law has no bearing on the pre-emption analysis because §1144 "evidences Congress's policy choices and intent to provide only the remedies it specified." *David P. Coldesina, D.D.S v. Estate of Simper,* 407 F. 3d 1126, 1139 (10th Cir. 2005).

Plaintiff's arguments that the Voluntary Accident Plan is excluded from ERISA under the safe harbor provision fails because Plaintiff cannot meet each of the four safe harbor factors. Furthermore, Plaintiff agrees the Voluntary Accident Plan meets four of the five elements under the Conventional Test, but argues that it was not "established or maintained" by the employer Morton Buildings. The Court disagrees. The evidence presented establishes Morton Buildings did not merely facilitate an independent insurance program; it established and maintained the Voluntary Accident Plan as part of its employee benefits program. Consequently, the plan falls within ERISA, and the regulatory safe harbor does not exclude it from ERISA coverage.

Accordingly, Defendant's Motion Regarding Applicability of ERISA (Docket No. 28) is GRANTED. Plaintiff's claims for breach of contract, bad faith and punitive damages, as well as

any other state claims he might seek against Defendant are preempted by ERISA and fail as a matter of law.

DATED this 19th day of August, 2026.

D. Edward Snow
United States Magistrate Judge